UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

IN RE:

ELAINE LUCILLE SAFFRON                          Case No. 10-09180
                                                Chapter 13

        Debtor.

_____/

**OPINION AND ORDER REGARDING
CLAIMS FILED BY BRAD SAFFRON**

PRESENT:    HONORABLE SCOTT W. DALES
United States Bankruptcy Judge

This matter comes before the court on the objection of Elaine Saffron (the "Debtor") to two claims that her ex-husband, Brad Saffron, filed in her Chapter 13 case.  Although the Debtor agrees that Mr. Saffron has a claim in the amount of $103,685.00 under a divorce judgment, she contends that Mr. Saffron's other claims are unenforceable under applicable non-bankruptcy law. *See* 11 U.S.C. § 502(b)(1); Fed. R. Bankr. P. 3007(a).

The court held a hearing in Traverse City, Michigan on December 17, 2010 at which the Debtor, Mr. Saffron, John Voss, Matthew Pelky, Harold Saffron and Frederick Bimber testified. The court admitted three exhibits.    The following constitutes the court's findings of fact and conclusions of law in accordance with Bankruptcy Rules 7052 and 9014(c).

## I. JURISDICTION

This court has jurisdiction over the Debtor's case pursuant to 28 U.S.C. §§ 157(a) and 1334(a), and this contested matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B).

## II. ANALYSIS

Both of Mr. Saffron's claims arise out of the parties' marriage and divorce. By filing Claim No. 5 (as amended), he seeks to recover $118,988.45, representing funds due under the parties' judgment of divorce, with fees and interest. Through Claim No. 7, Mr. Saffron seeks to recover $43,000.00 on account of the Debtor's supposed retention or conversion of hand tools (the "Tools") he acquired before the parties' marriage.

With respect to Claim No. 5, the Debtor does not dispute that Mr. Saffron has a claim in the amount of $103,685.00 awarded to him as part of the parties' divorce, but she challenges his right to recover interest or attorney fees incurred in the divorce and a related foreclosure action involving real property located in Beulah, Michigan (the "Hardwood Road Property"). She also objects to the extent Mr. Saffron seeks reimbursement for delinquent property taxes on the Hardwood Road Property. With respect to Claim No. 7 involving the Tools, she denies that she has them or that she disposed of them.

## III. BURDEN OF PROOF

A proof of claim filed in accordance with the rules is *prima facie* evidence of the validity and amount of the claim. *See* Fed. R. Bankr. P. 3001(f). A party in interest who challenges such a proof of claim must produce evidence to rebut the presumption. *See* Fed. R. Evid. 301; *In re Kemmer*, 315 B.R. 706, 713 (Bankr. E.D. Tenn. 2004). If the objecting party rebuts the validity or amount of the claim, the burden reverts to the claimant to prove the claim by a preponderance of the evidence. *Id.*

However, if a proof of claim is not filed in accordance with the rules, the creditor does not benefit from any evidentiary presumption of validity or amount. *In re Cluff*, 313 B.R. 323, 337 (Bankr. D. Utah 2004). "Without [the] presumption of validity, the burden of proving the

existence and amount of the claim falls to the claimant...." *Kemmer*, 315 B.R. at 713. Initially, this burden is met by the presentation of any evidence of the claim, and the objecting party is then required to present evidence that the claim is legally deficient. *Id.*

A.      Claim No. 5

As noted above, the Debtor concedes that her ex-husband has a claim for $103,685.00 awarded in the parties' divorce proceedings. She takes issue, however, with respect to his claims for interest, attorney fees, and delinquent taxes.

In support of his claim for attorney fees incurred in the divorce proceedings and in the related foreclosure action, for interest on the divorce judgment, and for delinquent property taxes on the Hardwood Road Property, Mr. Saffron attached a sheriff's deed to his proof of claim. This is insufficient documentation of his claim, and fails to raise a presumption of validity or amount under Bankruptcy Rule 3001(f). As a result, the rules obligated Mr. Saffron to produce evidence at the hearing to establish his claim during by a preponderance of the evidence.

With respect to Mr. Saffron's claim for interest or attorneys' fees, he failed to provide the court with any legal basis for recovery of interest or fees in connection with either the divorce proceeding or the related foreclosure. In Michigan, statutory interest is not applicable to a divorce judgment. *Lawrence v. Lawrence*, 388 N.W.2d 291 (Mich. App. 1986). Although the family court judge may have had equitable authority to award interest, the evidence establishes that he declined to do so. In addition, the testimony of Mr. Bimber and documentary evidence establishes that the family court did not award Mr. Saffron any attorney fees. Consequently, to the extent that Claim No. 5 includes interest and attorney fees, the claim shall be disallowed.

To the extent Mr. Saffron's claim seeks recovery for the Debtor's failure to pay property taxes on the Hardwood Road Property, the court will also disallow the claim because Mr. Saffron

admitted at the hearing that he never paid the delinquent property taxes, and that they were in fact paid from the bankruptcy sale proceeds.  Real estate tax liens in Michigan generally take priority over private liens such as the lien Mr. Saffron enforced through foreclosure. He has therefore established no right to recovery on this account.

Accordingly, the court will allow Claim No. 5 only in the amount of $103,685.00, and will disallow the balance.

B.      Claim No. 7

As documentary proof of his claim for the missing Tools, Mr. Saffron attached to his proof of claim several pictures of a van, an advertisement for a paddleboat, a picture of a Gravely Lawn Tractor, a prenuptial agreement reciting that he owned six chests containing Snap-On tools worth $25,000.00 in 1986, and a deposition transcript in which the Debtor denies possessing the Tools.  These attachments to Claim No. 7 do not raise a presumption of validity or amount of the claim under Bankruptcy Rule 3001(f).

At the hearing, Mr. Saffron failed to provide the court with a list or inventory of the Tools at issue, a credible estimate of their value (other than an estimate in the prenuptial agreement from 1986), or any proof beyond his own suspicions that his ex-wife has possession of the Tools or improperly disposed of them.  Throughout the hearing, Mr. Saffron claimed he was referring only to certain hand tools purchased before his marriage, but at times asked the witnesses about a paddleboat, a lawn tractor, and a back seat from the van he apparently drives. As to the Tools, all of the witnesses who testified about them (other than Mr. Saffron) suggested that Mr. Saffron sold or removed those years ago.  Mr. Voss, a former neighbor, credibly testified that he observed Mr. Saffron moving tools out of the parties' garage with his son's help,

and that Mr. Saffron usually kept some tools in his van.  Mr. Saffron's father suggested that Mr. Saffron had disposed of some of the Tools, and his life-long friend, Mr. Pelky, testified that he bought a tool box, but not tools, from Mr. Saffron.  Although the testimony about precisely which tools were removed or sold was imprecise, suffice it to say that the evidence does not preponderate in favor of Mr. Saffron's claim that the Debtor removed or destroyed or even retained the Tools.  Consequently, Mr. Saffron failed to meet his burden regarding the validity or the amount of Claim No. 7, and the court will disallow it.

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

1.    Claim No. 5 is allowed only in the amount of $103,685.00; and

2.    Claim No. 7 is disallowed in its entirety.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Opinion and Order pursuant to Bankruptcy Rule 9022 and LBR 5005-4 upon Brad Saffron, Elaine Saffron, Carroll Clough, Esq., and Brett N. Rodgers, Esq.

END OF ORDER

**IT IS SO ORDERED.**

Scott W. Dales
United States Bankruptcy Judge

**Dated: December 26, 2010**